IRA C. MOSER v. SOUTHERN RAILWAY COMPANY AND R. L. DAVIS.

(Filed 2 November, 1955.)

**Railroads § 4—**

In this action to recover for injuries sustained in an accident at a railroad grade crossing, the evidence tending to show that the collision occurred in broad daylight at a level crossing, and that plaintiff driver at the stop sign beside the road 45 feet from the tracks could see 300 feet down the tracks in the direction from which the train came, *is held* to disclose contributory negligence barring recovery as a matter of law.

APPEAL by plaintiff from *Johnston, J.,* at 11 July Term, 1955, of FORSYTH.

Civil action to recover for personal injuries sustained in a tractor-trailer-train collision at a grade crossing.

At the close of the plaintiff's evidence, the defendants moved for judgment as of nonsuit. The motion was allowed, and from judgment based on such ruling, the plaintiff appeals.

*Deal, Hutchins & Minor and William S. Mitchell for plaintiff, appellant.*

*W. T. Joyner and Womble, Carlyle, Sandridge & Rice for defendants, appellees.*

PER CURIAM. This case involves no new question or feature requiring extended discussion. The evidence, when tested by settled principles of law, explained and applied in numerous decisions of this Court, fails to make out a case for the jury. The collision occurred in broad daylight at a grade crossing just outside the corporate limits of the City of Greensboro. The weather was clear. The crossing was level. The plaintiff was driving a heavy tractor-trailer unit. He was thoroughly familiar with the crossing. There was a stop sign side of the road about 45 feet from the tracks. The plaintiff testified that at the stop sign he could see 300 feet down the tracks in the direction from which the train came. Conceding that the evidence offered made out a *prima facie* case of actionable negligence against the defendants, nevertheless it is manifest from the evidence that the plaintiff failed to exercise due care under the surrounding circumstances for his own safety, and that such failure to exercise care contributed to and was a proximate cause of his injury.

The judgment below is

Affirmed.